**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 3:02-cr-00015 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| WILLIE JOHNSON, | ) | By: Norman K. Moon |
|     Petitioner. | ) | United States District Judge |

Willie Johnson, a federal inmate, filed a motion and supplemental motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 65, 87. The government filed a motion to dismiss, ECF No. 94, and Mr. Johnson responded, ECF No. 98, making this matter ripe for consideration. After reviewing the record, I conclude that Mr. Johnson's § 2255 motion must be granted and that the government's motion to dismiss must be denied.

**I.**

On March 15, 2002, a federal grand jury charged Mr. Johnson and a codefendant in a multi-count indictment. Mr. Johnson was charged with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; aggravated bank robbery with a deadly weapon, in violation of 18 U.S.C. §§ 213(a) and (d); brandishing a semiautomatic weapon during a crime of violence, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On November 14, 2002, Mr. Johnson pleaded guilty to all four counts in a written plea agreement.

The Presentence Investigation Report ("PSR") recommended a total offense level of 34 and a criminal history category of VI for all counts but the § 924(c) count for brandishing a weapon, resulting in an imprisonment range of 262 to 327 months' incarceration for those counts. PSR ¶ 61, ECF No. 99. The PSR also recommended a consecutive sentence of ten years

to life on the brandishing count. *Id*. ¶ 60. The PSR concluded that Mr. Johnson was a career offender under the Guidelines and an armed career criminal under the Armed Career Criminal Act ("ACCA"). *Id*. ¶¶ 20, 22. The PSR relied on the following prior convictions to support Mr. Johnson's career offender and armed career criminal designations: a 1983 conviction for two counts of federal bank robbery and a 1995 New York conviction for attempted burglary. *Id*. ¶¶ 30, 31. Johnson also had another 1995 New York conviction for attempted burglary, which was listed in the PSR, but which the PSR did not explicitly rely on in determining Johnson's career offender and armed career criminal status. *Id*. ¶ 32. In addition, a 1976 New York robbery conviction qualified as a predicate offense for armed career criminal purposes (but not career offender purposes due to the age of the offense) at the time of sentencing.[1] *Id*. ¶ 29. The PSR noted that Mr. Johnson faced an increased statutory mandatory minimum sentence of fifteen years, rather than a ten-year statutory maximum sentence for his felon-in-possession count, because of his armed career criminal status. *Id*. ¶ 60. Johnson did not object to the PSR.

On January 30, 2003, Judge James H. Michael[2] adopted the PSR and sentenced Mr. Johnson to a total of 420 months' imprisonment, consisting of 60 months on the conspiracy-to-commit-bank-robbery count, 300 months on the aggravated-bank-robbery and felon-in-possession counts, all to run concurrently, and 120 months on the brandishing-a-weapon count, to run consecutively with the other counts. Sent. Hr'g Tr. at 14, ECF No. 62. Mr. Johnson did not appeal.

The Federal Public Defender's Office was appointed to represent Mr. Johnson and provide briefing, if necessary, in light of the Supreme Court's recent decision in *Johnson v.*

---

[1] The PSR also listed another conviction in support of Johnson's armed career criminal designation, a 1976 New York conviction for assault. *Id*. ¶ 28. It appears that this conviction, a misdemeanor, was provided in error, as a misdemeanor cannot support an ACCA enhanced sentence.

[2] Judge Michael is deceased and the case has been reassigned to the undersigned.

2

*United States*, 135 S. Ct. 2551, 2563 (2015) ("*Johnson II*")[3], pursuant to Standing Order 2015-5. The Federal Public Defender's Office filed a § 2255 motion and a supplemental motion on Mr. Johnson's behalf. ECF No. 65.

Mr. Johnson alleges that Judge Michael imposed an unconstitutional sentence, in light of *Johnson II*, because he no longer qualifies as an armed career criminal or a career offender. Because Mr. Johnson no longer has three predicate offenses to support his ACCA sentence, I will grant his petition.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Mr. Johnson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

**A. The ACCA Enhanced Sentence Structure**

Mr. Johnson challenges the viability of the predicate offenses used to support his status as an armed career criminal. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an

---

[3] The court will refer to the Supreme Court's most recent *Johnson* decision as "*Johnson II*" in order to avoid confusion because in this opinion the court must also discuss a prior Supreme Court case, *Johnson v. United States*, 559 U.S. 133 (2010), which will be referred to as "*Johnson I*."

increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In *Johnson II*, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which include subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause." *Johnson II*, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question. . . the remainder of the [ACCA's] definition of a violent felony"). The Supreme Court's decision in *Johnson II* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

### B. Timeliness and Procedural Default

Mr. Johnson argues that he is entitled to resentencing because his predicate offenses no longer support his designation as an armed career criminal or a career offender. The government

4

argues that I should not consider the viability of Mr. Johnson's predicate offenses because his petition is untimely and he procedurally defaulted on brining these claims. I disagree.

1. Timeliness

A petition under § 2255 must adhere to strict statute of limitations requirements. Generally, a defendant must file a § 2255 motion within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year limitations period from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review, if the defendant relies on that decision for relief. *Id.* at § 2255(f)(3).

Mr. Johnson filed this § 2255 motion on June 23, 2016, more than one year from the date of his final judgment in 2003. Accordingly, his motion is untimely under § 2255(f)(1). However, the Fourth Circuit has held that a § 2255 motion is timely under § 2255(f)(3) if it is filed within one year of *Johnson II* and the defendant asserts that his sentence "may have been predicated on application of the now-void residual clause and, therefore, may be [] unlawful." *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). Mr. Johnson alleges that his predicate conviction for New York robbery no longer qualifies as a violent felony following *Johnson II* based, in part, on the now-unconstitutional residual clause. § 2255 Mot. at 1, ECF No. 65. Because Mr. Johnson's sentence may have been predicated on the residual clause, he has "shown that he relies on a new rule of constitutional law," such that he satisfies the requirements of 28 U.S.C. § 2255(f)(3). *Winston*, 850 F.3d at 682 (internal quotation marks omitted).

The government's argument regarding timeliness was briefed before the *Winston* decision, and is unavailing. Accordingly, I must conclude that Mr. Johnson's petition is timely

5

under § 2255(f)(3) as he filed it within one year of the Supreme Court's decision in *Johnson II*, which issued on June 26, 2015. *Id.*

2. Procedural Default

The government also claims that Mr. Johnson procedurally defaulted on these claims because he did not argue that the residual clause was unconstitutional on direct review, which usually precludes collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003) (noting that claims not raised on direct appeal may generally not be raised on collateral review). However, in *Winston*, the Fourth Circuit rejected the government's "various related procedural arguments," and reached the merits of the petition without further consideration of procedural bars. *Id.* at 682 n. 4.

Moreover, Mr. Johnson can demonstrate cause and actual prejudice to excuse the procedural default. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A defendant can show cause to overcome a default when the Supreme Court establishes "a new constitutional rule, representing a clear break with the past," so that the legal basis for an argument was not reasonably available to counsel. *Reed v. Ross*, 468 U.S. 1, 17 (1984). This is such a case because at the time of Mr. Johnson's sentencing, both the Supreme Court and the Fourth Circuit had already affirmed the viability of the residual clause. *Taylor v. United States*, 495 U.S. 575, 597 (1990); *United States v. Pressley*, 52 F.3d 64, 68 (4th Cir. 1995) (concluding that the residual clause was not void for vagueness). In *Johnson*, the Supreme Court overruled its prior precedent upholding the residual clause. 135 S. Ct. at 2563. Moreover, Mr. Johnson has established prejudice. Because of his ACCA designation, Mr. Johnson faced a mandatory minimum sentence of 180 months' incarceration instead of a statutory maximum sentence of 120 months' incarceration on his § 922(g) conviction.

### C. Mr. Johnson's Armed Career Criminal Designation

Mr. Johnson qualified as an armed career criminal when he was sentenced in 2003, based on convictions for New York robbery, federal bank robbery (two convictions), and New York attempted burglary. The government concedes that New York attempted burglary no longer qualifies as a predicate offense. Resp. at 6, ECF No. 94; *James v. United States*, 550 U.S. 192, 209 (2007) (concluding that an attempted burglary conviction qualified as a violent felony under the residual clause) *overruled by Johnson II*, 135 S.Ct. 2551. In addition, defense counsel concedes that federal bank robbery qualifies as a crime of violence under Fourth Circuit precedent, *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016). § 2255 Mot. at 2, ECF No. 65. Accordingly, Mr. Johnson's status as an armed career criminal hinges on the continued viability of New York robbery as an ACCA predicate. Because I conclude that his New York robbery conviction no longer qualifies as a violent felony following *Johnson II*, Mr. Johnson is entitled to a resentencing hearing.

Although the ACCA defines "violent felony" convictions in numerous ways, Mr. Johnson's robbery conviction could so qualify only under the "force clause." After *Johnson II*, no crime, including New York robbery, can qualify as a violent felony under the residual clause. 135 S.Ct. at 2558. In addition, robbery is not an enumerated violent felony in the ACCA.[4] *See* 18 U.S.C. § 924(e)(2)(B)(ii). Therefore, Mr. Johnson's New York robbery conviction can qualify as an ACCA predicate offense only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i).

---

[4] The government argues that robbery should qualify as an ACCA predicate under the enumerated crime of extortion. Resp. at 30-31, ECF No. 94. However, as the government also acknowledges, the Fourth Circuit rejected a very similar argument in *United States v. Gardner*, 823, F.3d, 802 n.5 (4th Cir. 2016), explaining that common law robbery involves non-consensual taking while the generic crime of extortion requires consensual taking induced by wrongful means. For the same reason, the government's argument fails here.

*1. Categorical and Modified Categorical Approach*

In determining whether Mr. Johnson's robbery conviction qualifies as a violent felony under the force clause, a court must first employ an analysis known as the "categorical approach." Under this approach, I must assess whether a crime qualifies as a violent felony by looking "only to the fact of conviction and the statutory definition of the prior offense" and not how a particular offender might have committed the crime on a particular occasion. *Taylor v. United States*, 495 U.S. 575, 602 (1990). Therefore, I must determine whether a conviction for New York robbery necessarily involves the use, attempted use, or threatened use of physical force against another person. *United States v. Gardner*, 823 F.3d 793, 801 (4th Cir. 2016). In doing so, I must focus on "the minimum conduct necessary for a violation" of the statute under state law. *Castillo v. Holder*, 776 F.3d 262, 267 (4th Cir. 2015).

When a statute is divisible—that is, it sets forth multiple distinct crimes, at least one of which, but not all, requires the necessary force to satisfy the force clause—a court may apply a "modified categorical approach." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). The modified categorical approach allows me to consider certain sources to determine which of the alternate crimes set forth in the statute was the one for which the defendant was actually convicted. *Id.* To make such a determination, I may consult a limited array of documents, including charging documents, plea agreements, transcripts of plea colloquies, among others. *Shepard v. United States*, 544 U.S. 13, 25 (2005) (plurality opinion).

*2. New York Robbery*

I must begin, then, by looking at New York law, which differentiates between first-, second- and third-degree robbery. The New York criminal code provides, and provided at the time of Mr. Johnson's 1976 conviction, that "[a] person is guilty of robbery in the third degree

when he forcibly steals property." N.Y. Penal Law § 160.05. In addition, second-degree robbery is set forth in Penal law § 160.10, which provides:

> A person is guilty of robbery in the second degree when he forcibly steals property and when:
>
> 1. He is aided by another person actually present; or
> 2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime;
>    (a) Causes physical injury to any person who is not a participant in the crime; or
>    (b) Displays what appears to be a pistol, revolver, rifle shotgun, machine gun or other firearm; or
> 3. The property consists of a motor vehicle, as defined in section one hundred twenty-five of the vehicle and traffic law.

N.Y. Penal Law § 160.10. Finally, penal law § 160.15 sets forth first-degree robbery:

> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>
> 1. Causes serious physical injury to any person who is not a participant in the crime; or
> 2. Is armed with a deadly weapon; or
> 3. Uses or threatens the immediate use of a dangerous instrument; or
> 4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun, or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime.

N.Y. Penal Law § 160.15. All three types of robbery require forcible stealing of property. N.Y. Penal Law §§ 160.5, 160.10, and 160.15. But first- and second-degree robbery also require the presence of aggravating factors. *Id*.

Mr. Johnson's robbery conviction occurred in 1976, and it appears that the court documents related to the case are not available.[5] Accordingly, while it is clear that Mr. Johnson sustained a New York "robbery" conviction, it is impossible to determine, with certainty, the degree of robbery to which Mr. Johnson pleaded guilty in 1976. The government suggests that Mr. Johnson pleaded guilty to robbery in the second degree, but also argues that "robbery of any degree under New York law is a 'violent felony' for ACCA purposes." Resp. at 3, 5, ECF No. 94. The government contends that because Mr. Johnson bears the burden of proof in a § 2255 petition, and he has not been able to acquire the documents establishing his predicate convictions, he is not entitled to relief. *Id*. at 13. However, I do not agree.

While it is true that Mr. Johnson bears the burden of proving that he is entitled to relief in a § 2255 petition, I conclude that he has sufficiently met that burden to allow me to review the viability of his arguments because he has challenged his ACCA predicate convictions with the evidence available. It is inappropriate to preclude relief outright because one of Mr. Johnson's ACCA predicate offenses occurred so long ago that the records are no longer available. The Fourth Circuit has indicated its unwillingness to dismiss § 2255 motions brought pursuant to *Johnson II*, when circumstances beyond a defendant's control would otherwise curtail analysis. *See Winston*, 850 F.3d at 682 ("[N]othing in the law requires a [court] to specify which clause ... it relied upon in imposing a sentence. We will not penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony") (internal quotation marks omitted); *Jones*, 878 F.3d at 17 (concluding that where the court is "stymied" in its application of the modified categorical approach because of a lack of

---

[5] Defense counsel has averred that she has attempted, on numerous occasions, to obtain the court documents from New York but has been unable to locate them. Reply at 3 n.4, ECF No. 98.

*Shepard* documents, it must then apply a categorical approach to determine whether a statute qualifies as a predicate offense).

Turning to the merits of Mr. Johnson's petition, I will apply an analysis similar to the categorical approach because I do not have the ability to determine the specific robbery statute to which Mr. Johnson pleaded guilty. S*ee United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (noting that even if a statute were divisible such that application of the modified categorical approach would be appropriate, if "the record contains no charging document, plea agreement, or other document approved in *Shepard*" then the court must determine whether the statute "categorically constitutes a crime of violence") (internal quotation marks omitted) *abrogated on other grounds by United States v. Castleman*, 134 S. Ct. 1405 (2014). The categorical approach requires a court to determine whether the least serious of the criminalized acts proscribed by the statute would qualify as an ACCA predicate. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (concluding that because a court must "examine what the state conviction necessarily involved, not the facts underlying the case, [it] must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense") (internal quotation marks omitted). The same rationale for analyzing the least culpable conduct criminalized by a statute applies in this case, where more than one robbery statute exists, but the particular statute at issue is unclear. Accordingly, I will analyze Mr. Johnson's New York robbery conviction as the least serious of the New York robbery crimes, third-degree robbery.

3. *New York Third-Degree Robbery*

Therefore, I turn to the New York third-degree robbery statute. The New York criminal code defines "forcibly steal[ing]"—as required for a third-degree robbery conviction—as

11

"us[ing] or threaten[ing] the immediate use of physical force upon another person." N.Y. Penal Law § 160.00. In order to qualify as an ACCA predicate under the force clause, the "physical force" used or threatened must be "violent force," or "force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. The Fourth Circuit has made clear that if a state robbery conviction could result from *de minimis* or minimal contact with the victim, then the "violent force" requirement of the ACCA force clause has not been satisfied. *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016) (concluding that because a conviction for North Carolina robbery can adhere regardless of the degree of force used, including *de minimis* contact, such a conviction does not qualify as a violent felony under the force clause of the ACCA); *United States v. Winston*, 850 F.3d 677, 685 (4th Cir. 2017) (concluding that because "Virginia common law robbery can be committed when a defendant uses only a 'slight' degree of force that need not harm a victim," it does not qualify as a violent felony under the force clause of the ACCA). New York state court decisions provide guidance for determining the level of force necessary to support a New York robbery conviction. *Johnson I*, 559 U.S. at 138.

The New York Court of Appeals has not specified the level of force necessary for a New York robbery conviction to stand, noting that "a robber's conduct is rendered criminal by the forcible taking" of property "under circumstance that pose a danger not only to property but to the person." *People v. Miller*, 661 N.E.2d 1358, 1362 (N.Y. 1995). However, numerous New York Appellate Division courts have upheld robbery convictions when defendants have exerted minimal force. *See, e.g., People v. Bennett*, 219 A.D.2d 570, 570 (N.Y. App. Div. 1995) (sustaining a robbery conviction where the defendant "and three others formed a human wall that blocked the victim's path as the victim attempted to pursue someone who had picked his pocket, allowing the robber to get away"); *People v. Lee*, 197 A.D.2d 378, 378 (N.Y. App. Div. 1993)

(sustaining a second-degree robbery conviction where the defendant "bumped his unidentified victim, took money, and fled while another forcibly blocked the victim's pursuit"); *see also United States v. Moncrieffe*, 167 F.Supp.3d 383, 403 (E.D.N.Y. 2016) ("New York courts have explained that the 'physical force' threatened or employed can be minimal, including a bump, brief tug-of-war over property, or even the minimal threatened force exerted in 'blocking' someone from pursuit by simply standing in their way."). The Second Circuit, prior to *Johnson I*, held that New York robbery is a violent felony under the force clause, *United States v. Brown*, 52 F.3d 415, 426 (2d Cir. 1995), and some New York district courts continue to apply that precedent. However, many more courts to consider New York third-degree robbery following *Johnson I* have concluded that it can no longer qualify as an ACCA predicate. *See, e.g.*, *Austin v. United States*, No. 16-cv-4446, 2017 WL 6001162, *4 (S.D.N.Y. Dec. 4, 2017) (collecting cases). I will join those courts and find that the conviction does not count as a predicate.

Moreover, even were I to assume—as the government suggests—that Johnson was convicted of New York second-degree robbery, the analysis does not change. A review of the "least of the acts" criminalized by the statute makes clear that violent physical force is not required for such a conviction to stand. *Johnson I*, 559 U.S. at 137. A conviction for New York robbery in the second degree may adhere when a defendant "forcibly steals property" and is "aided by another person actually present." N.Y. Penal Law § 160.10(1). However, "forcible stealing does not require the use of violent force by the principal and the statute does not require that the other person use even physical force, much less violent force; they need only provide aid and be actually present." *Austin*, 2017 WL 6001162 at *9.

Accordingly, I conclude that New York robbery does not require the violent force necessary to qualify as a predicate offense under the ACCA force clause based on Fourth Circuit

13

and Supreme Court precedent. Therefore, Mr. Johnson's New York robbery conviction no longer qualifies as a violent felony and cannot be used to support his enhanced ACCA sentence. As a result, he is entitled to relief.

### III.

Mr. Johnson was sentenced to 300 months for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The sentence for the § 922(g)(1) count is 180 months above the statutory maximum of 120 months because Mr. Johnson no longer has three predicate offenses to support his armed career criminal designation following *Johnson II*. Accordingly, he has received an unlawful sentence on that count and must be resentenced. In addition, because Mr. Johnson's PSR grouped the § 922(g)(1) count with other counts to establish his advisory guideline range, the court must reconsider Mr. Johnson's entire sentence at a resentencing hearing, in accordance with the sentencing package doctrine. *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (noting that when a defendant must be resentenced on one count, the resentencing court is free to revisit the entire sentence imposed to ensure an appropriate disposition of the case).

Therefore, I will grant Mr. Johnson's § 2255 petition and deny the government's motion to dismiss.

**ENTER:** This __12th__ day of February, 2018.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE