UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:02-cr-00015 |
| v. | MEMORANDUM OPINION |
| WILLIE JOHNSON, | JUDGE NORMAN K. MOON |
| *Defendant.* |  |

This matter is before the Court on Petitioner Willie Johnson's 28 U.S.C. § 2255 motion to vacate, set aside, or correct the amended judgment against him. Dkt. 132. The petition raises three grounds for the Court's consideration. First, Johnson contends that his conviction for conspiracy to commit an offense against the United States—namely, the offense of using and carrying a firearm during and in relation to a crime of violence—must be set aside because the predicate crime of violence was conspiracy to commit armed bank robbery, and conspiracy to commit armed bank robbery could only be considered a crime of violence under the now-defunct residual clause of the statutory provision defining crimes of violence. Second, he argues that his separate conviction for actually using and carrying a firearm in relation to a crime of violence must be set aside because the indictment failed to specify under which clause—i.e., the defunct residual clause or the still-operational elements clause—the predicate offense of armed bank robbery qualifies as a crime of violence. Third, and finally, Johnson asserts that his conviction for being a felon in possession of a firearm is invalid because the indictment to which he pled did not charge him with knowledge of his status as a felon, which, following the Supreme

Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019), is understood to be an element of the felon in possession offense.

Johnson's petition will be denied. His first argument is based on a misunderstanding of the conspiracy charge, which is predicated on a substantive violation of the armed bank robbery statute and not another conspiracy offense. (One cannot violate the conspiracy statute by conspiring to conspire to commit a crime against the United States). Unlike mere conspiracy to commit armed bank robbery, the substantive offense of armed bank robbery remains a qualifying crime of violence.

Johnson's second argument is wholly without merit. This Court is not aware of any law supporting his claim that a charging instrument must specify which part of a definitional statute it relies on.

Finally, Johnson's *Rehaif* argument fails because it is procedurally defaulted and because Johnson cannot show cause and prejudice for his default, or that he is actually innocent of being a felon in possession.

I

Johnson and co-conspirator Khalid Ahmad robbed a federally insured bank in Afton, Virginia on February 1, 2002. Dkt. 99 (Presentence Investigation Report, or PSR), ¶ 5. The two men entered the bank wearing ski masks and carrying weapons; Johnson an AR-15 rifle and Ahmad a .40 caliber pistol. *Id*. After ordering customers on the floor, Johnson commanded tellers to stuff cash into a pillowcase, threatening: "If you don't hurry up I'll kill you, don't think I won't kill you." *Id*.

Johnson and Ahmad left the bank with more than $6,000, evading capture in a vehicle they had stolen that morning. *Id*. at ¶¶ 6, 8. Driving more than 100 miles-per-hour, they jumped curbs and crossed into an elementary school playground to facilitate their escape. *Id*. at ¶ 7. Eventually they ditched the car at a forested area near the school and ran into the woods, after which point witnesses heard gunshots as schoolchildren had to be rushed indoors. *Id*. Both Johnson and Ahmad eluded authorities the day of the robbery and were apprehended later. *Id*. at ¶ 8.

A federal grand jury indicted Johnson on four counts:

> <u>Count One</u>: Conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371; to wit:
> > a. Robbing a bank with a deadly weapon, in violation of 18 U.S.C. §§ 2113(a) and (d); and,
> > b. Using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).
>
> <u>Count Two</u>: Robbing a bank with a deadly weapon, in violation of 18 U.S.C. §§ 2113(a) and (d).
>
> <u>Count Three</u>: Brandishing a semiautomatic assault weapon during and in relation to a crime of violence—namely, the armed bank robbery alleged in Count Two—in violation of 18 U.S.C. § 924(c)(1).
>
> <u>Count Five</u>: Knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), with three previous convictions for violent felony offenses under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or ACCA).

Dkt. 134, Ex. 1.[1] Leading up to trial, the Government filed an information, as required by 18 U.S.C. § 851(a), alerting the Court that Johnson had two prior "serious violent felony convictions" and of its intention to rely on those convictions to seek a life sentence under the federal three-strikes law. *See* Dkt. 44; 18 U.S.C. § 3559(c)(2)(F).

---

[1] Count Four related to Johnson's co-conspirator only.

In an eleventh-hour change of heart, Johnson agreed to a plea deal on the third day of trial. Under the terms of the agreement, Johnson pled guilty to all counts in the indictment, and, in exchange, the Government agreed not to pursue a life sentence under the three-strikes law. Dkt. 134, Ex. 2 (Plea Agreement), p. 3. Johnson also agreed to "an upward departure on Count Two to the maximum statutory sentence for that charge," *id*. at 4, which was (and remains) 300 months, 18 U.S.C. § 2113(d).

As promised, the Government moved to dismiss its § 851(a) information in open Court on November 14, 2002. Dkt. 50. The Court subsequently held Johnson to his end of the bargain by imposing a 300-month sentence for bank robbery (Count Two) and for being an armed career criminal (Count Five), along with a concurrent 60-month sentence for the conspiracy charge (Count One). Dkt. 53. This sentence fell within the then-mandatory Guideline range of 262-327 months, PSR ¶ 61, so there was no need to impose the upward departure contemplated by the plea agreement. The Court also sentenced Johnson to a consecutive 120-month term on the brandishing charge (Count Three), resulting in an effective sentence of 420 months. Dkt. 53.

Over a decade later, the Supreme Court ruled that the ACCA's residual clause was impermissibly vague under the Fifth Amendment's Due Process Clause. *See Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015). Johnson filed a petition under 28 U.S.C. § 2255, arguing that his sentence on Count Five had to be vacated since it was based on the ACCA's residual clause. Dkt. 65. The Court agreed, granted Johnson's petition, and vacated his sentence in full under the sentencing package doctrine. Dkts. 100, 101. A new Presentence Investigation Report was prepared to reflect the Court's determination that Johnson was not an armed career criminal under the ACCA, and also not listing him as a career offender under the Sentencing Guidelines, which resulted in an amended Guideline range of 130–162 months. Dkt. 122, p. 2.

The Court resentenced Johnson to 60 months for possessing a firearm as a convicted felon (Count Five) in place of the original 300-month sentence. *Id*. at 20. However, the Court re-imposed the original sentences on the remaining counts, finding an upward variance appropriate based on the seriousness of Johnson's offense and the fact that he would still be subject to a life sentence under the three-strikes law if the Government had not agreed to dismiss its information in exchange for a 300-month sentence on Count Two. *Id*. at 17–19. The Fourth Circuit subsequently upheld the Court's amended judgment on appeal. *See United States v. Johnson*, 915 F.3d 223 (4th Cir. 2019).

Johnson brings the instant 28 U.S.C. § 2255 motion to challenge the amended judgment.[2]

## II

Congress adopted section 2255 of the Judicial Code in 1948, creating a new postconviction remedy for federal prisoners analogous to—but separate and distinct from—the longstanding writ of habeas corpus. The statute provides a vehicle to relief for those who can show that their "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

---

[2] Although Johnson's motion is styled as a challenge to the original judgment, entered on February 7, 2003, Dkt. 53, Magistrate Judge Joel C. Hoppe entered an order construing Johnson's motion as challenging the amended judgment entered on May 21, 2018. Dkt. 133. And as such not a "subsequent or successive" motion triggering the bar in 28 U.S.C. § 2255(h). *Id*. *See also In re Gray*, 850 F.3d 139, 142–43 (4th Cir. 2017) (holding that when a defendant is resentenced and an amended judgment is entered, a subsequent habeas petition is not "second or successive within the meaning of § 2244(b), regardless of whether it challenges the sentence or the underlying conviction"); *United States v. Jones*, 681 F. App'x 294, 294–95 (4th Cir. 2017) (applying *Gray* and holding same in the context of § 2255 motions and for purposes of the "second or successive" bar in § 2255(h)).

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255.

To promote the criminal justice system's interest in finality—an interest the Supreme Court has declared to carry "special force with respect to convictions based on guilty pleas"—petitioners who seek to collaterally attack a conviction that has already become final face a myriad of limitations. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). *See also United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012) (emphasizing that "allowing a person to abrogate his guilty plea on collateral attack represents a rare exception to the rule of finality").

By its terms § 2255 petitions are limited to defects of a jurisdictional or constitutional nature, as well as errors amounting to a "fundamental defect which inherently results in a complete miscarriage of justice [o]r an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962).

As relevant here, section 2255 motions are also limited by the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Thus, even a constitutional or otherwise fundamental defect may be insufficient to invalidate a conviction if a petitioner failed to raise the issue during his initial plea proceedings or on direct review.

**A. Ground One: Armed Bank Robbery is a Qualifying "Crime of Violence"**

Count One charged Johnson and Ahmad with conspiracy to commit two offenses against the United States: (1) armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); and (2) use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §

924(c)(1). Dkt. 134, Ex. 1. Johnson's first ground for relief states that the second alleged object of the conspiracy was not supported by a valid crime of violence. Dkt. 132, p. 5. Specifically, Johnson asserts that the crime of violence alleged was a conspiracy to commit armed bank robbery, which can no longer be considered a crime of violence within the meaning of § 924(c)(3) following the Supreme Court's 2019 decision in *United States v. Davis*, 139 S.Ct. 2319. *Id*. The Government responds that the indictment does not rely on a second conspiracy charge for its predicate crime of violence. Dkt. 134, p. 7. Rather, Count One charges Johnson with conspiring to use and carry a firearm during and in relation to the substantive crime of armed bank robbery, which remains a qualifying crime of violence within the meaning of the statute. *Id*.

The Government clearly has the better argument. 18 U.S.C. § 924(c)(3) defines the term "crime of violence" as:

> [A]n offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Davis* held § 924(c)(3)(B), which has come to be known as the "residual clause," to be unconstitutionally vague. 139 S.Ct. at 2336. Johnson would have a plausible claim if he were correct that the indictment charged him with conspiracy to use and carry a firearm while conspiring to commit armed bank robbery. Relief under § 2255 is generally available where a prisoner is able to show "that he was convicted of a federal crime and sentenced thereon based

upon conduct which under no possible view amounts to a violation of federal law." *Bateman v. United States*, 875 F.2d 1304, 1307 (7th Cir. 1989) (internal quotation marks omitted).

But the indictment cannot reasonably be interpreted as Johnson suggests. It would be nonsensical for the Government to charge Johnson with conspiracy to conspire to commit armed bank robbery. More to the point, the indictment clearly relies on the substantive crime of armed bank robbery, citing the robbery itself as the overt act taken in furtherance of the conspiracy. Dkt. 134, Ex. 1. And it is well established that armed bank robbery qualifies as a crime of violence within the meaning of the elements clause. *See United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) ("In sum, we are satisfied that bank robbery under 18 U.S.C. § 2133(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3), because it 'has as an element the use, attempted use, or threatened use of physical force'—specifically, the taking or attempted taking of property 'by force and violence, or by intimidation.'").

But even if a violation of § 924(c) could not serve as an object of the conspiracy as alleged, Johnson's conviction on Count One would still stand. Johnson pled guilty to conspiring to violate both the federal bank robbery statute and the § 924(c) offense. It is sufficient that the plea was valid as to one of the alleged objects of the conspiracy. *See United States v. Vinson*, 852 F.3d 333, 352 (4th Cir. 2017) (finding it unnecessary on direct appeal to review evidence as to all objects of the alleged conspiracy, since the evidence was sufficient to sustain defendant's conviction as to some objects).

**B. Ground Two: Petitioner's Indictment is Not Defective**

Johnson next claims that Count Three must be vacated because the indictment does not specify under what clause of § 924(c)(3) armed bank robbery qualifies as a crime of violence. Dkt. 132, p. 6.

Again, Count Three charges Johnson with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). The indictment directly cites Count Two, the armed bank robbery count, as the applicable crime of violence. Dkt. 134, Ex. 1.

The Court is not aware of any law requiring the Government to specify in its charging instrument which part of a multi-part definitional statute it relies on to enhance a sentence. Much less any reason to conclude that the failure to do so constitutes a "fundamental defect which inherently results in a complete miscarriage of justice [o]r an omission inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. On the contrary, an indictment is generally considered legally sufficient "if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend" and "if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." *United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011). *See also* Fed. R. Crim. P. 7(c)(1) (specifying that an indictment need merely contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged.").

**C. Ground Three: Johnson's *Rehaif* Claim is Procedurally Defaulted**

Lastly, Johnson argues that his conviction on Count Five is invalid because he is "actually innocent of said conviction" in light of the Supreme Court's holding in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Dkt. 132, p. 8. "In felon-in-possession cases after *Rehaif*, the Government must prove not only that the defendant knew he possessed a firearm, but also

that *he knew he was a felon* when he possessed the firearm." *Greer v. United States*, 141 S.Ct. 2090, 2095 (2021) (emphasis original). Yet when Johnson pled guilty to Count Five in 2002, he was not advised that, if he went to trial, a jury would have to find that he knew he was a felon when he possessed the firearm.

It has yet to be determined whether *Rehaif* applies retroactively on collateral review. Of course, if it should be held to be retroactive, Johnson's plea would be constitutionally invalid, as "[a] plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'" and "a plea does not qualify as intelligent unless a criminal defendant receives 'real notice of the true nature of the charge against him.'" *Bousley*, 523 U.S. at 618 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).

It is unnecessary to answer that question, however, as Johnson's petition would nevertheless be denied as procedurally defaulted. "[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id*. at 621. While Johnson did file an appeal as to his amended judgment, Dkt. 115, he did not challenge the validity of his plea.

Such procedural default may be excused in two circumstances: where the petitioner can establish (1) that he is "actually innocent" or (2) both "cause" for default and that he has suffered "prejudice" as a result. *Id* at 622.

Johnson's claims actual innocence. Dkt. 132 p. 8 ("he is actually innocent of said convictions"). To establish actual innocence, a petitioner must show that "in light of all the evidence it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (cleaned up). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. In other words, the Government is not limited to

the existing record to rebut any showing that petitioner might make." *Id*. at 623–24 (internal citation omitted).

"As many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons." *Greer*, 141 S.Ct. at 2095. And this case does not present the rare exception. The Government notes in its brief that "Johnson had multiple convictions which resulted in him serving well in excess of one year imprisonment." Dkt 134, p. 13. In 1975 he was convicted of robbery in New York and sentenced to 7 years incarceration. PSR ¶ 29. In 1984, he was convicted in federal court in the Eastern District of New York on two counts of bank robbery and sentenced to 15 years. *Id*. at ¶ 30. And in 1994 he was convicted of burglary in New York and sentenced to between 30 months and five years. *Id*. at ¶ 31.

"[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Greer*, 141 S.Ct. at 2097. Johnson has offered no reason to conclude otherwise here.[3]

### III

The Court further finds that Johnson's petition does not warrant a certificate of appealability. *See* 28 U.S.C. § 2253. Johnson has not shown that a reasonable jurist could both

---

[3] Any attempt by Johnson to meet the cause and prejudice exception to the procedural default rule would be unavailing for the same reason. In *Greer*, the Supreme Court specifically noted that "if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceeding would have been different." 141 S.Ct. at 2097. Much more so for the "significantly higher hurdle" of collateral review. *United States v. Frady*, 456 U.S. 152, 166 (1982) (holding plain-error standard applicable to direct appeals insufficiently rigorous for collateral review).

find the denial of a constitutional right and that this Court's dispositive procedural ruling is in error. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Neither do Johnson's arguments warrant an evidentiary hearing. *See Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970) (holding that "[i]t is within the discretion of the district judge to deny without a hearing Section 2255 motions which state only legal conclusions with no supporting factual allegations" and that "[a]llegations of a vague, conclusory or palpably incredible nature do not raise factual issues which require a full hearing.") (internal quotation marks omitted).

\* \* \* \*

The Clerk of the Court is hereby directed to send this Memorandum Opinion to all counsel of record.

Entered this __4th__ day of April 2022

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE